UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JAMERSON, #185490,

         Plaintiff,                            Hon. Paul L. Maloney

v.                                         Case No. 1:22-cv-529

M. WILKINSON, et al.,

         Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 54). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this action terminated.

## BACKGROUND

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw Correctional Facility. Plaintiff initiated this action against the following individuals regarding events which occurred when he was incarcerated at the Muskegon Correctional Facility: (1) Michael Wilkinson; (2) Bryan West; (3) Christy Wilson; (4) Barbara Hoover; and (5) Michael Tomaszczyk. (ECF No. 9). In his amended complaint, Plaintiff alleges the following.

On an unspecified date, Plaintiff underwent spinal surgery after which Defendants Wilson, Hoover, West, Wilkinson, and Tomasczcyk disregarded Plaintiff's ground floor accommodation and instead placed Plaintiff in an upstairs cell. Plaintiff later fell down the stairs and re-injured his spine.   Defendant Hoover later confiscated Plaintiff's wheelchair and pain medications.   Defendants Wilson, Hoover, West, Wilkinson, and Tomasczcyk also denied Plaintiff's request for a shower chair.   As a result, Plaintiff was forced to use a "dayroom plastic chair" without rubber feet.   The plastic chair later slipped out from under him causing injury.

At this juncture, the only claims remaining in this matter are Plaintiff's Eighth Amendment claim that on February 12, 2021, Defendants Wilson and Wilkinson disregarded his ground floor accommodation and instead placed him in an upstairs cell.  (ECF No. 37, 42).   Defendants Wilson and Wilkinson now move for summary judgment.   Plaintiff has responded to the motion.   The Court finds that oral argument is unnecessary.   *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."   *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."    *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).    Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."    *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).    The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.    *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts."    *Amini*, 440 F.3d at 357.    The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."    *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).    Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."    *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."    *Daniels*,

396 F.3d at 735.    Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law."    *Harden*, 993 F.3d at 474.

## ANALYSIS

As noted above, the only claims remaining in this matter are that Defendants Wilson and Wilkinson, on February 12, 2021, ignored Plaintiff's ground floor accommodation by assigning him to an upstairs cell.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed.    *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).    The Constitution "does not mandate comfortable prisons, but neither does it permit inhumane ones and the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."    *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020).

The analysis by which Plaintiff's claim is evaluated consists of two steps.    First, the Court must determine, objectively, whether the deprivation Plaintiff allegedly experienced was sufficiently serious.    In this respect, Plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm."    *Farmer*, 511 U.S. at 834.    With respect to the objective prong of the analysis, contemporary standards of decency determine whether conditions of confinement are cruel and unusual.    *See*

*Hadix*, 367 F.3d at 525.    Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Ibid.*

If the objective test is met, the Court must then determine whether Defendant acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834.    In other words, was Defendant deliberately indifferent to Plaintiff's health or safety.    *Ibid.* However, the Eighth Amendment is not implicated where prison officials simply acted with negligence.    *See Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).    Rather, Plaintiff must "present evidence from which a trier of fact could conclude 'that [Defendant] was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004).

Defendants concede that as of February 12, 2021, Plaintiff had a "Ground Floor Room-No Stair Steps" accommodation.    (ECF No. 55, PageID.316; ECF No. 55-2, PageID.324).    As of February 12, 2021, Plaintiff was assigned to Housing Unit 3.    (ECF No. 55-3, PageID.326-28).    At his deposition, Plaintiff conceded that Housing Unit 3 is a ground floor unit that did not require him to use stairs.    (ECF No. 55-4, PageID.336). Plaintiff has presented no evidence to the contrary.    Defendants have carried their burden to show the absence of a genuine factual dispute on the question whether

Plaintiff was assigned to an upstairs cell on February 12, 2021. Defendants are, therefore, entitled to summary judgment on Plaintiff's remaining claims.[1]

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (ECF No. 54), be granted and this action terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

---

[1] The Court notes that Plaintiff was in Housing Unit 6 from October 22, 2020, through February 1, 2021. (ECF No. 55-3, PageID.326-28). Plaintiff testified that Housing Unit 6 was a multi-level unit that did require prisoners to use the stairs. (ECF No. 55-4, PageID.335-36). This evidence, however, does not advance Plaintiff's cause for several reasons. First, there is no claim before the Court involving this time period. Second, even if such a claim were before the Court, Plaintiff has presented no evidence that Defendants Wilson or Wilkinson played any role in his assignment to Housing Unit 6. Third, Plaintiff has presented no evidence that he had a ground-floor accommodation during this time period.

Respectfully submitted,

Date: November 12, 2025
\_\_\_/s/ Phillip J. Green_____
PHILLIP J. GREEN
United States Magistrate Judge